# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31220
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2016

Lyle W. Cayce
Clerk

MARK DAVID HOOK,

Petitioner-Appellant

v.

LORETTA LYNCH; JANET NAPOLITANO; PHILIP MILLER; J. P. YOUNG,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CV-131

Before STEWART, Chief Judge, and OWEN, and COSTA, Circuit Judges.

PER CURIAM:[*]

Mark David Hook appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2241 application on the grounds that his detention by the Bureau of Immigration and Customs Enforcement (ICE) is unconstitutional in light of *Zadvydas v. Davis*, 533 U.S. 678 (2001). We review the district court's legal conclusions de novo and its factual findings for clear error. *Tran v. Mukasey*, 515 F.3d 478, 481 (5th Cir. 2008).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31220

The district court did not err in denying the application. Despite Hook's protestations to the contrary, the record establishes that he has "fail[ed] or refuse[d] to make timely application in good faith for travel or other documents necessary to [his] departure," thus warranting the extending of the generally applicable 90-day removal period. 8 U.S.C. § 1231(a)(1), (2). Though Hook purports to be a citizen of the United Kingdom, he has repeatedly rebuffed requests from ICE and U.K. consular officials to provide the specific information and documentation regarding his identity necessary to secure travel documents. The information he has provided has been vague, which is concerning in light of U.K. officials' credible suspicions about his professed identity. Hook's failure to cooperate with the efforts to remove him tolled the running of the removal period. *Benn v. Bureau of Immigration and Customs Enforcement*, 82 F. App'x 139, 140 (5th Cir. 2003) (alien's incomplete and conflicting statements to the INS hampered removal efforts and thus extended removal period); *Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003) ("[t]he detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock."). Accordingly, Hook has failed to show that under the circumstances, his continued detention violates his constitutional rights and that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Hook also challenges the determination that two exhibits containing foreign documents were self-authenticating under Federal Rule of Evidence 902(3). He contends that they were not public documents subject to the rule and that, in any event, there was no showing of good cause to deem them self-authenticating in the absence of a final certification as required by the rule. Hook did not timely object to the introduction of one of the exhibits, and, as to

No. 14-31220

the other, he did not raise either of the arguments that he now advances, and so our review is for plain error.  *See* FED. R. EVID. 103(a)(1); *United States v. Seale*, 600 F.3d 473, 485 (5th Cir. 2010).  Because Hook has not demonstrated that the result of the proceeding would have been different had the documents been excluded, he has not shown that his substantial rights were affected.  *See United States v. Cervantes*, 706 F.3d 603, 616 (5th Cir. 2013).

The district court's judgment is AFFIRMED.